KATIE VOIGT, Respondent, *v.* MARGARET F. JOHNSON, Appellant.

First Department, March 9, 1917.

Pleading — negligence — landlord and tenant — injury by defective stairway — complaint not stating cause of action.

Where the complaint of a tenant against her landlord seeking to recover for personal injuries, caused by a defect in the stairway which led from the upper rooms to the kitchen of her apartment, contains no allegation whatever that the landlord was in control of the stairway in question, and the natural inference from the allegations is that the stairway was part of the demised premises, the defendant is entitled to judgment on the pleadings, though the plaintiff may amend on the payment of all costs.

APPEAL by the defendant, Margaret F. Johnson, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of October, 1916, denying defendant's motion for judgment on the pleadings.

*Charles Levy,* for the appellant.

*Samuel Blumberg,* for the respondent.

DAVIS, J.:

The court at Special Term denied defendant's motion for judgment on the pleadings, consisting of a complaint and answer.

The action is for damages for personal injuries sustained by plaintiff, a tenant of defendant in premises 232 East Eighty-sixth street, New York city. The plaintiff alleges:

"III. That at all the times hereinafter mentioned the plaintiff above named was a tenant occupying the ground floor apartment of premises No. 232 East 86th Street, in the Borough of Manhattan, City of New York.

"IV. That heretofore and on or about the 14th day of February, 1914, at about 11 o'clock in the forenoon of said day this plaintiff was lawfully in the act of going down the steps leading from the rooms of the apartment of the said plaintiff to the kitchen room of her apartment, located approximately fifteen feet below the other rooms of said apartment.

"V. That at or about the said time and by reason of the carelessness and negligence of the defendant, its agents, servants or employees, the third step of the said staircase gave way by reason whereof the left leg of this plaintiff was caught between the said steps and so held for a period of time, when after being extricated and then in an unconscious condition she was removed to the Metropolitan Hospital."

The appellant contends that no cause of action is stated in this complaint because it contains no allegation that the landlord was in control of the staircase in question. The complaint is silent upon this point. Indeed, the natural inference to be drawn from the language used is, that the staircase was part of the premises demised to the plaintiff. For this reason the motion for judgment on the pleadings should have been granted.

The order denying defendant's motion for judgment on the pleadings is reversed, with ten dollars costs and disbursements, and the motion for judgment on the pleadings is granted, with ten dollars costs, with leave to plaintiff to amend the complaint upon payment of all costs.

CLARKE, P. J., SCOTT, SMITH and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to amend on payment of all costs.